**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4532-17T3

JAMES B. NUTTER AND
COMPANY,

     Plaintiff-Respondent,

v.

CAROL A. STURMER, her heirs,
devisees, and personal representatives
and his/her, their, or any of their
successors in right, title and interest,

     Defendant-Appellant,

and

MR. STURMER, husband of Carol A.
Sturmer, his heirs, devisees, and personal
representatives and his/her, their, or any
of their successors in right, title and
interest, UNITED STATES OF AMERICA
and LAKE FOREST YACHT CLUB, INC.,

     Defendants.

_____

Submitted September 23, 2019 – Decided October 9, 2019

Before Judges Vernoia and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. F-008488-11.

Eduardo J. Jimenez, attorney for appellant.

Stern, Lavinthal & Frankenberg, LLC, attorneys for respondent (Mark S. Winter, of counsel and on the brief).

PER CURIAM

In this foreclosure action, defendant Carol A. Sturmer appeals from a March 9, 2018 order granting plaintiff James B. Nutter and Company a writ of possession for property located in Lake Hopatcong and a May 11, 2018 order denying her motion for reconsideration. We reverse and remand for further proceedings.

The facts are not disputed. In November 2011, plaintiff filed a first amended foreclosure complaint alleging defendant executed a reverse mortgage on the property to secure a $540,000 loan.[1] The complaint further alleged the mortgage loan was called due on July 16, 2010 for repair non-compliance.

---

[1] The amended complaint alleges Ameritrust Mortgage Bankers is the original mortgagee and that an assignment of the mortgage to plaintiff was recorded on July 23, 2009.

Defendant did not file a responsive pleading to the complaint, and on October 2, 2014, the court entered a final judgment of foreclosure, ordered that the property be sold, and issued a writ of execution. Plaintiff purchased the property at a March 19, 2015 sheriff's sale. According to plaintiff, the Federal National Mortgage Association (FNMA) obtained title to the property as "the successful assignee of [the] bid at [the] . . . [s]heriff's sale," and recorded a sheriff's deed with the Morris County Clerk.

On July 11, 2016, the court entered a writ of possession in favor of the property's owner, FNMA. Defendant subsequently obtained numerous stays of eviction and moved to vacate the default judgment and sheriff's sale. In a February 8, 2018 order, the court denied defendant's motion and scheduled the eviction for March 9, 2018.

Defendant filed an order to show cause seeking a stay of the eviction. In her certification supporting the motion, defendant asserted that she was "the prior owner and current resident" of the property, and that she was residing on the property pursuant to a December 1, 2017 sublease from Kathleen Halbert. Defendant claimed Halbert leased the property from its owner, FNMA, and provided the court with a December 6, 2016 Special Civil Part order in a matter entitled "[FNMA] v. Kathleen Halbert" that plaintiff confirmed Halbert's status

A-4532-17T3

as the property's tenant. Halbert also submitted a certification stating she resided at the property "as a tenant pursuant to the December 9, 2016 court order."

Defendant further represented that she did not "occupy[] the property under any claim of ownership," Da106a, and "occup[ied] the property . . . strictly as the resident caregiver [for,] and [subtenant]" of, Halbert, who suffers from a myriad of serious medical issues. Defendant requested a stay of the eviction "until . . . Halbert is no longer a tenant on the property" because she is Halbert's full-time caregiver and a subtenant pursuant to a December 1, 2017 sublease between her and Halbert.[2] Defendant asserted that, because she was a subtenant, she was "subject to eviction only pursuant to landlord tenant eviction proceedings."

At oral argument on the order to show cause, defendant's counsel reiterated that defendant did not claim any ownership interest in the property that had otherwise been extinguished by the final judgment of foreclosure. In other words, he argued defendant did not seek relief from the eviction based on any challenge to the foreclosure proceedings or orders. Defendant instead

---

[2]  A copy of the six-page "SUBLEASE AGREEMENT" was annexed to defendant's certification.

requested the stay of eviction because she was Halbert's caretaker and Halbert, who was a tenant of the property's owner FNMA, sublet the property to her.

Plaintiff's counsel argued the eviction pertained to defendant only, and there was no request to evict the tenant, Halbert. Plaintiff's counsel asserted defendant's eviction was appropriate because plaintiff purchased the property at the March 19, 2015 sheriff's sale following the foreclosure of defendant's ownership interest, and plaintiff sought possession of the property since that time.

Following argument, the court did not address the parties' contentions or make any findings of fact or conclusions of law. Instead, the court stated only that it was "satisfied that the . . . subtenant has no basis in law or fact or even equity to remain in the premises." The court then entered a March 9, 2018 order directing defendant's eviction for April 1, 2018.

Defendant filed a motion for reconsideration, arguing the court employed "irrational and incorrect reasoning when [it] ordered" defendant's eviction while, at the same time, recognizing Halbert's entitlement to remain on the property as a tenant. Defendant again represented that she was "not occupying the property under any claim of ownership," and that she sought to remain on the property solely as Halbert's caretaker and subtenant. The court denied the reconsideration

5

motion, finding defendant failed to show the March 9, 2018 order was "arbitrary, capricious or unreasonable" or that the court overlooked "a controlling decision." The court entered a May 11, 2018 order denying the reconsideration motion.

Defendant filed a notice of appeal from the May 11 order and a motion for a stay of eviction pending appeal. In a June 11, 2018 order, we granted a stay of eviction pending appeal "so long as . . . Halbert continues to pay FNMA the . . . monthly rent" required by the December 9, 2016 order in the landlord-tenant action. We noted "[t]here is no lease prohibiting a [subtenancy], nor any legal argument presented that disallows Halbert from allowing [defendant] to reside with her." We also directed that the parties' merits briefs address the issue of "whether Halbert is a necessary party to this appeal."

Following the filing of defendant's merits brief, the Appellate Division case manager inquired of defendant's counsel whether defendant's appeal was limited to the May 11, 2018 order denying the reconsideration motion. Defendant advised that she intended to also appeal from the March 9, 2018 order denying her request for a stay of eviction. Defendant subsequently moved for leave to file, as within time, an amended notice of appeal that included the March 9, 2018 order. We granted defendant's motion to file the amended notice of

<span>A-4532-17T3</span>

appeal as within time and stated in our order that "[p]laintiff's arguments concerning the substance of the amended appeal and the applicable standards of review may be considered by the merits panel in due course."

Defendant presents the following arguments for our consideration:

[POINT I]

The trial court's denial of defendant['s] March 29, 2018 motion to reconsider . . . the March 9, 2018 eviction constitutes plain error as a matter of law because the court overlooked the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq., prohibiting discrimination against a disabled tenant and against her defendant caregiver, and requiring plaintiff landlord to accommodate the tenant's disability by permitting the tenant's full-time caregiver to reside on the property pursuant to . . . defendant['s] sublease.

[POINT II]

The trial court erred when the court denied defendant's motion for reconsideration because the court overlooked and failed to address . . . defendant's specific basis for the motion to reconsider, i.e. that the court's decision was palpably incorrect, irrational and unreasonable when the tenant who is severely disabled lawfully remained on the property but her medically required full-time defendant caregiver was evicted.

[POINT III]

The trial court erred when the court evicted the defendant and then denied defendant's motion for reconsideration because the court's eviction of the defendant caregiver overlooked and contravened New

A-4532-17T3

Jersey policy specifically encouraging and protecting full-time resident caregivers for the elderly and disabled under N.J.S.A. 26:2H-5.24, N.J.S.A. 30:4F-7, . . . N.J.A.C. Executive Order No. 100 (2004), and New Jersey policy prohibiting the abandonment of an elderly and disabled person under N.J.S.A. 2C:24-8, Endangering Welfare of Elderly or Disabled, a crime of the third degree.

[POINT IV]

The trial court erred when the court denied defendant's motion for reconsideration because the trial court never addressed applicable landlord-tenant law concerning the validity of defendant's sublease in either the March 9, 2018 and May 11, 2018 decisions.

[POINT V]

The trial court erred when the court denied defendant's motion for reconsideration and denied the March 9, 2018 stay of eviction because . . . defendant met the standard for emergent relief under Crowe v. [De Gioia] when the eviction of her full-time caregiver placed the tenant at a substantial risk of serious injury and death, which factors the court failed to address in both the March 9, 2018 and May 11, 2018 decisions, and when . . . [defendant] and tenant suffer irreparable harm when . . . defendant's eviction deprives the tenant remaining on the property of medically required care and places the tenant and defendant's friend and companion of thirty-five (35) years at risk of serious injury and death, and . . . plaintiff does not suffer a hardship because . . . defendant's eviction does not result in . . . plaintiff's possession of the property regardless due to the existing protected tenancy, and because [defendant] is likely to prevail on the merits of the appeal when the trial court failed to address

[defendant's] specific basis for the motion to reconsider.

[POINT VI]

The tenant Kathleen Halbert may be joined as a party at the Appellate Court's discretion but is not required to be so joined because complete relief can be accorded among those already parties in the tenant's absence, the tenant's absence will not impair or impede the tenant's ability to retain her defendant caregiver, and the tenant's interest is already adequately represented by existing parties.

We first address and reject plaintiff's argument that we should not consider an appeal from the March 9, 2018 order denying defendant's request for a stay of eviction because the order was first included in the amended notice of appeal that was filed beyond Rule 2:4-1(a)'s forty-five day deadline for the filing of an appeal. The argument is devoid of merit because, as noted, we granted defendant's motion for leave to file the amended notice of appeal as within time, plaintiff never moved for reconsideration of that decision, and plaintiff offers no basis to revisit the issue at present. Our order granting defendant's motion for leave to file the amended notice of appeal as within time permits the consideration of "[p]laintiff's arguments concerning the substance of the amended appeal and the applicable standards of review" by the merits panel, but does not allow either a rehashing or reconsideration of the timeliness

9

of defendant's appeal from the March 9, 2018 order. We therefore consider defendant's challenge to the court's March 9, 2018 and May 11, 2018 orders.

The court's March 9, 2018 order denied defendant's motion, made in her order to show cause, for a stay of the eviction order in this foreclosure proceeding. In addressing defendant's motion, the court was required to consider: (1) whether the stay was "necessary to prevent irreparable harm"; (2) whether the "legal right underlying [the] claim is unsettled"; (3) whether defendant made a "preliminary showing of a reasonable probability of ultimate success on the merits"; and (4) "the relative hardship to the parties in granting or denying relief." Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982). As the moving party, defendant had the burden to establish each of the Crowe factors by clear and convincing evidence. Brown v. City of Paterson, 424 N.J. Super. 176, 183 (App. Div. 2012). However, "'a court may take a less rigid view' of the Crowe factors and the general rule that all factors favor injunctive relief 'when the interlocutory injunction is merely designed to preserve the status quo.'" Waste Mgmt. of N.J., Inc. v. Morris Cty. Mun. Utils. Auth., 433 N.J. Super. 445, 453 (App. Div. 2013) (quoting Waste Mgmt. of N.J., Inc. v. Union Cty. Utils. Auth., 399 N.J. Super. 508, 520 (App. Div. 2008)).

We review a trial court's decision to grant or deny a preliminary injunction for an abuse of discretion.[3]  See id. at 451 (explaining the issue presented on an appeal from an order denying an interlocutory injunction was "whether the trial judge mistakenly exercised his discretion in denying" the requested relief); see also Rinaldo v. RLR Inv., LLC, 387 N.J. Super. 387, 395 (App. Div. 2006) ("An appellate court applies an abuse of discretion standard in reviewing a trial court's decision to grant or deny a preliminary injunction.").  A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

Here, the court did not address any of the Crowe factors and did not make any of the findings of fact and conclusions of law required under Rule 1:7-4.  See State v. Locurto, 157 N.J. 463, 470 (1999) (explaining Rule 1:7-4(a) requires "a trial court sitting without a jury to 'state clearly its factual findings

---

[3]  We deem defendant's order to show cause requesting the stay of an eviction as a request for a preliminary injunction because "[t]he process adopted in our court rules for seeking injunctive relief applications . . . does not allow for the entry of an order to show cause for the entry of a permanent injunction."  Waste Mgmt. v. Union Cty., 399 N.J. Super. at 516 (citing R. 4:52-1 and 2).  Our rules allow "only the entry of an order requiring a party to show cause why a temporary restraint or an interlocutory injunction should not issue."  Ibid.

and correlate them with the relevant legal conclusions'" (quoting <u>Curtis v. Finneran</u>, 83 N.J. 563, 570 (1980))).  A trial court's "[f]ailure to perform that duty 'constitutes a disservice to the litigants, the attorneys and the appellate court.'"  <u>Curtis</u>, 83 N.J. at 569-70 (quoting <u>Kenwood Assocs. v. Bd. of Adjustment</u>, 141 N.J. Super. 1, 4 (App. Div. 1976)).  This is particularly true where, as here, we are required to determine whether the court abused its discretion.

The court's failure to make the necessary findings and conclusions of law renders its determination denying the stay a decision lacking any "rational explanation."  <u>Pitney Bowes</u>, 440 N.J. Super. at 382 (quoting <u>Flagg</u>, 171 N.J. at 571).  Indeed, the court simply provided no explanation supporting its denial of the requested stay.  Moreover, the lack of any findings and explanation for its denial of the stay based on the evidence and the <u>Crowe</u> standard makes it impossible to determine if the court's decision "inexplicably departed from established policies, or rested on an impermissible basis."  <u>Ibid.</u> (quoting <u>Flagg</u>, 171 N.J. at 571).

It also appears the court either did not consider, or disregarded without reason, substantial evidence showing defendant had a settled right to remain on the property and a reasonable likelihood of success on the merits of plaintiff's

claimed right to evict her. See Crowe, 90 N.J. at 132-34. For example, and not by way of limitation, the evidence showed: (1) the writ of possession was issued to FNMA and not plaintiff, and FNMA never sought plaintiff's eviction; (2) plaintiff did not have an ownership interest in the property because it had been deeded to FNMA following the sheriff's sale; and (3) FNMA, as the owner of the property, leased it to Halbert, and she allowed defendant to reside with her on the property as a subtenant, guest, or caretaker. The court did not address plaintiff's putative standing and legal authority to seek defendant's eviction from property in which it no longer had an ownership interest or determine defendant's claim she could lawfully remain on the property as Halbert's guest, caretaker, or subtenant because Halbert had a tenancy on the property granted by its owner, FNMA.[4] The court also ignored defendant's assertion she was entitled to remain on the property with Halbert's permission as long as FNMA leased the property to Halbert, and that any action to evict Halbert must be brought by FNMA in a landlord-tenant proceeding.

---

[4] The court also failed to acknowledge or consider defendant's repeated concession that she no longer either had or claimed any interest in the property as its owner and mortgagor, and her acknowledgement that her ownership interest in the property terminated with the entry of the final judgment of foreclosure and transfer of title to FNMA.

Resolution of these issues, and all others raised in defendant's submissions to the court, was required to properly determine if defendant satisfied her burden under the Crowe standard. In its summary and unexplained rejection of defendant's request to stay the eviction, the court addressed none.

Lacking any findings or legal conclusions by the court permitting appropriate appellate review, we are constrained to reverse the court's March 9, 2018 order denying defendant's motion to stay the eviction. We remand for the court to consider the evidence, determine if there are any fact issues that require a plenary hearing, and decide the case based on the law and facts as the court finds them to be. See, e.g., Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301 (App. Div. 2018). On remand, plaintiff and defendant shall be entitled to submit additional evidence and make any and all arguments supporting their respective claims, defenses, and positions.[5] A different judge shall hear the matter on remand because the court's summary rejection of defendant's stay request suggests it may have made credibility determinations on the evidence presented. See R.L. v. Voytac, 199 N.J. 285, 306 (2009). The remand court

---

[5] The court and the parties shall also address whether Halbert and FNMA are necessary or indispensable parties to the remand proceeding. See R. 4:28-1; R. 4:29-1; and R. 4:64-1.

shall make findings and conclusions of law supporting its determination as required under R. 1:7-4.

Because we reverse and remand for the court to determine defendant's entitlement to a stay of the eviction requested by plaintiff based on the court's failure to make the required findings of fact and conclusions of law, we do not address or decide the merits of the parties' arguments regarding defendant's claimed entitlement to the stay. Nothing in this opinion shall be construed to the contrary.

Our reversal of the court's March 9, 2018 order renders moot defendant's appeal of the May 11, 2018 order denying her reconsideration motion. We continue our stay of defendant's eviction pending the court's entry of a final order following the remand proceeding, conditioned on Halbert's payment of the $1000 monthly rent to FNMA required in the December 9, 2016 order in the landlord-tenant proceeding and Halbert's compliance with any other orders affecting her right to continue to reside on the property as FNMA's tenant entered by the court in any landlord-tenant proceeding between FNMA and Halbert.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4532-17T3