NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2806-12T1
DOCKET NO.  A-2808-12T1

WASTE MANAGEMENT OF NEW JERSEY,
INC.,

       Plaintiff-Appellant,

   v.

MORRIS COUNTY MUNICIPAL UTILITIES
AUTHORITY, and SOLID WASTE SERVICES,
INC. d/b/a J.P. MASCARO & SONS,

       Defendants-Respondents.

| APPROVED FOR PUBLICATION |
| :---: |
| **December 16, 2013** |
| **APPELLATE DIVISION** |

_____

COVANTA 4RECOVERY, L.P.,

       Plaintiff-Appellant,

   v.

MORRIS COUNTY MUNICIPAL UTILITIES
AUTHORITY, SOLID WASTE SERVICES, INC.
d/b/a J.P. MASCARO & SONS, and
WASTE MANAGEMENT OF NEW JERSEY, INC.,

       Defendants-Respondents.

_____

      Argued December 3, 2013 — Decided December 16, 2013

      Before Judges Fisher, Espinosa and Koblitz.

      On appeal from the Superior Court of New
      Jersey, Law Division, Morris County, Docket
      Nos. L-2627-12 and L-2868-12.

Maeve E. Cannon argued the cause for appellant Waste Management of New Jersey, Inc. (Hill Wallack, LLP, attorneys; Patrick D. Kennedy, and Jamie G. O'Donohue, of counsel; Ms. Cannon and Susan L. Swatski, of counsel and on the brief).

Jeffrey J. Greenbaum argued the cause for appellant Covanta 4Recovery, L.P. (Sills Cummis & Gross, P.C., attorneys; Mr. Greenbaum and Kenneth F. Oettle, of counsel and on the brief).

Brent T. Carney argued the cause for respondent Morris County Municipal Utilities Authority (Maraziti, Falcon & Healey, LLP, attorneys; Joseph J. Maraziti, Mr. Carney, and Joanne Vos, of counsel and on the brief).

Thomas P. Scrivo argued the cause for respondent Solid Waste Services, Inc. d/b/a J.P. Mascaro & Sons (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; Edward B. Deutsch and Mr. Scrivo, of counsel and on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

In this public bidding matter, we granted leave to appeal the denial of an interlocutory injunction based solely on the trial judge's determination that plaintiffs were not likely to succeed on the merits. Because the judge mistakenly overlooked his authority to impose interlocutory injunctive relief to preserve the parties' positions and subject matter of the suit —

even when there are legitimate doubts about plaintiffs' likelihood of success — we reverse.

I

The record reveals that, on July 9, 2012, defendant Morris County Municipal Utilities Authority (the Authority) issued a public notice seeking sealed bids for a five-year contract to operate the two Morris County solid waste transfer stations and to provide related transportation and disposal services. The request for bids mandated, among other things, that bidders "[s]upply . . . the certified financial statement of the Bidder and/or, if applicable, the Guarantor for each of the three (3) recent fiscal years" (emphasis added). This request for bids did not define what was meant by a "certified financial statement," stating only that undefined terms were to be afforded "the meaning normally ascribed to them in the trade, profession or business with which they are associated."

The Authority received sealed bids in September 2012. Plaintiff Covanta 4Recovery, L.P. (Covanta) submitted the lowest bid ($131,004,000), defendant Solid Waste Services, Inc. d/b/a J.P. Mascaro & Sons (Mascaro) submitted the second lowest bid ($134,380,000), and plaintiff Waste Management of New Jersey, Inc. (Waste Management) submitted the third lowest bid ($137,952,000). The Authority determined that Mascaro submitted

the lowest responsible bid, and the losing bidders objected, arguing, among other things, that Mascaro included in its bid package only two pages of uncertified "condensed financial information" for the years ending March 31, 2010, 2011 and 2012. Upon further consideration, public comment and the presentations of the interested parties, as well as additional information from Mascaro, the Authority again concluded Mascaro was the lowest responsible bid.

On October 23, 2012, Waste Management filed a verified complaint and sought entry of an order to show cause. On November 5, 2012, Covanta filed a similar complaint, which included a claim that its bid should not have been rejected; Covanta also sought entry of an order to show cause. The judge heard argument on November 8, 2012, and, on November 15, 2012, entered an order that: memorialized the Authority's consent not to enter into a contract with Mascaro until the court ruled on the applications for interlocutory injunctive relief; scheduled the production of expert reports; and specified questions of interest the experts were to address in their anticipated testimony. Expert testimony was heard on November 29, 2012, regarding, among other things, the meaning of the phrase "certified financial statement."

On December 12, 2012, the trial judge issued a written opinion regarding the applications for interlocutory injunctive relief. The judge concluded that Waste Management and Covanta "failed to satisfy by clear and convincing evidence a likelihood of success on the merits" and, consequently, he "need not address the remaining Crowe[1] factors." An order denying relief was entered the same day.

On December 21, 2012, the judge granted summary judgment dismissing Covanta's complaint for reasons set forth in a written opinion. That same day, Waste Management moved in this court for leave to appeal the denial of its application for interlocutory injunctive relief; Covanta similarly moved for leave to appeal a short time later. Covanta also moved in the trial court for reconsideration of the summary judgment entered against it. On January 25, 2013, the judge granted the reconsideration motion, reinstated certain portions of Covanta's complaint, and permitted the joinder of two additional plaintiffs.

Mascaro moved for summary judgment on January 17, 2013, seeking a determination that its bid conformed to the Authority's written requirements. That motion was argued in the trial court on February 22, 2013. In the absence of any legal

---

[1] Crowe v. De Gioia, 90 N.J. 126 (1982).

impediment, Mascaro also began performing under the awarded contract on January 28, 2013.

That was the status of the case when, on February 26, 2013, another panel of this court granted Waste Management and Covanta's pending motions for leave to appeal the denial of interlocutory injunctive relief; the panel also stayed the further performance of the Mascaro contract. The Authority entered into an emergency contract with Mascaro on the same terms as the awarded contract, with the exception that its length was limited to the emergency's duration. Because we granted leave to appeal, the trial judge was unable to rule on Mascaro's summary judgment motion addressing the sufficiency of its bid. See R. 2:9-1(a); Society Hill Condo. Ass'n, Inc. v. Society Hill Assocs., 347 N.J. Super. 163, 177 (App. Div. 2002). This is the current status of the litigation.

II

In light of what has already occurred in this case, as well as the passage of time since we granted leave to appeal, it is not surprising some parties seek our declaration whether the trial judge's views of the meaning of "certified financial statement" and the other bid requirements in dispute are correct or incorrect. But the case is not presented in a posture that would permit such a ruling. The trial judge — despite how one

may wish to interpret his discussion about the meaning of the phrase "certified financial statement" — held only that he did not believe Covanta and Waste Management had clearly and convincingly demonstrated a likelihood of success on the merits. Such an expression is not the equivalent of an adjudication of plaintiffs' claims, only an educated prediction about whether plaintiffs are likely to succeed after a full exposition of the merits.[2] In short, the narrow question presented by this interlocutory appeal is whether the trial judge mistakenly exercised his discretion in denying interlocutory injunctive relief. We conclude he did.

In summarizing the Supreme Court's oft-cited decision in Crowe, supra, 90 N.J. at 132-34, we held in Waste Mgmt. of N.J., Inc. v. Union Cnty. Utils. Auth., 399 N.J. Super. 508, 519-20 (App. Div. 2008), that issuance of an interlocutory injunction turns on whether "the movant has demonstrated a reasonable probability of success on the merits; that a balancing of the equities and hardships favors injunctive relief; that the movant

---

[2]In alluding to its opposition to the pending summary judgment motion, Waste Management contends the trial judge has yet to hear all the evidence relevant to the meaning of "certified financial statement." Because the judge's observations were based on less than all the relevant evidence available, it would be further inappropriate for us to view the judge's prediction as a final adjudication and then proceed to determine whether we agree or should otherwise defer to that "finding."

has no adequate remedy at law and that the irreparable injury to be suffered in the absence of injunctive relief is substantial and imminent; and that the public interest will not be harmed." In his written opinion, the trial judge correctly identified these as the factors to be applied. In addition, the judge held that each of these factors must be clearly and convincingly demonstrated, a general principle we have previously recognized. See id. at 520; McKenzie v. Corzine, 396 N.J. Super. 405, 414 (App. Div. 2007); see also S&R Corp. v Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992). The judge then determined that plaintiffs' failure to convince him of the likelihood of success on their claims required denial of interlocutory injunctive relief without consideration of the other factors. This conclusion was erroneous because it overlooks a court's authority to impose interlocutory restraints regardless of doubts about the movants' likelihood of success.

To explain, we first consider what is meant when it is said a movant's right to an interlocutory injunction "must be clearly and convincingly demonstrated." Waste Mgmt., supra, 399 N.J. Super. at 520. In this regard, we consider whether the legal or equitable principles upon which the claim is based are doubtful or unsettled, see Accident Index Bureau, Inc. v. Male, 95 N.J. Super. 39, 50 (App. Div. 1967), aff'd o.b., 51 N.J. 107 (1968),

app. dis., 393 U.S. 530, 89 S. Ct. 872, 21 L. Ed. 2d 754 (1969), or whether the material facts are in dispute, Anders v. Greenlands Corp., 31 N.J. Super. 329, 338 (Ch. Div. 1954), or both.

In the matter at hand, the basis for the claim that a publicly-advertised contract should not be awarded to a bidder who has failed to meet material bid requirements or who has provided insufficient financial information, is not doubtful but well-established. See Meadowbrook Carting Co. v. Island Heights Borough, 138 N.J. 307, 313-15 (1994). Instead, here, the judge correctly recognized the likelihood-of-success factor was governed by whether there was a factual dispute about the meaning of the bid requirements and the sufficiency of the financial information provided. The judge, having been persuaded to Mascaro and the Authority's position after hearing testimony from the parties' experts, determined that plaintiffs had not clearly and convincingly shown they were likely to succeed. Because the judge reached this conclusion after considering the credibility and demeanor of the experts, we deem it appropriate — despite plaintiffs' forceful contentions to the contrary — to defer to the judge's observations about the strength of the parties' positions. Again, that merely means that, for the purpose of considering whether injunctive relief

was properly denied, we assume the accuracy of the judge's prediction about plaintiffs' likelihood of success.

Such an observation, however, does not end the matter. As Judge Clapp explained many years ago, the reason we consider whether a movant's right to injunctive relief is clear "doubtless lies in the fact that an interlocutory injunction is so drastic a remedy." <u>Gen. Elec. Co. v. Gem Vacuum Stores, Inc.</u>, 36 <u>N.J. Super.</u> 234, 236 (App. Div. 1955). But our courts have also long recognized "there are exceptions, as where the subject matter of the litigation would be destroyed or substantially impaired if a preliminary injunction did not issue." <u>Id.</u> at 237 (citing <u>Naylor v. Harkins</u>, 11 <u>N.J.</u> 435, 446 (1953); <u>Christiansen v. Local 680 of Milk Drivers</u>, 127 <u>N.J. Eq.</u> 215, 219-20 (E. & A. 1940); <u>Haines v. Burlington Cnty. Bridge Comm'n</u>, 1 <u>N.J. Super.</u> 163, 174 (App. Div. 1949)). That is, "a court may take a less rigid view" of the <u>Crowe</u> factors and the general rule that <u>all</u> factors favor injunctive relief "when the interlocutory injunction is merely designed to preserve the status quo." <u>Waste Mgmt.</u>, <u>supra</u>, 399 <u>N.J. Super.</u> at 520. <u>See also</u> <u>Brown v. City of Paterson</u>, 424 <u>N.J. Super.</u> 176, 183 (App. Div. 2012). The power to impose restraints pending the disposition of a claim on its merits is flexible; it should be exercised "whenever necessary to subserve the ends of justice,"

and "justice is not served if the subject-matter of the litigation is destroyed or substantially impaired during the pendency of the suit." Christiansen, supra, 127 N.J. Eq. at 219-20.

This less rigid approach, for example, permits injunctive relief preserving the status quo even if the claim appears doubtful when a balancing of the relative hardships substantially favors the movant, or the irreparable injury to be suffered by the movant in the absence of the injunction would be imminent and grave, or the subject matter of the suit would be impaired or destroyed. See, e.g., Naylor, supra, 11 N.J. at 446 (holding that the plaintiffs "were justly entitled to have the defendants restrained from taking affirmative action which might destroy their status and the subject of the litigation, and this was so notwithstanding the doubts expressed that they will ultimately prevail"); Christiansen, supra, 127 N.J. Eq. at 219-20 (noting that pendente lite restraints are appropriate if "the subject-matter of the litigation [would otherwise be] destroyed or substantially impaired during the pendency of the suit, and thus the court loses the faculty of fully vindicating such right and of remedying such wrong as may be revealed on final hearing"); Hamilton Watch Co. v. Benrus Watch Co., Inc., 206 F.2d 738, 742 (2d Cir. 1953) (recognizing that an interlocutory

injunction "serves as an equitable policing measure to prevent the parties from harming one another during the litigation" and "to keep the parties, while the suit goes on, as far as possible in the respective positions they occupied when the suit began"). Moreover, we have recognized the important role the public interest plays when implicated, as here, and have held "that courts, in the exercise of their equitable powers, 'may, and frequently do, go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved.'" Waste Mgmt., supra, 399 N.J. Super. at 520-21 (quoting Virginian Ry. Co. v. Sys. Fed'n, 300 U.S. 515, 552, 57 S. Ct. 592, 601, 81 L. Ed. 789, 802 (1937)).

Ultimately, on appellate review, the question is whether the grant or denial of interlocutory injunctive relief emanated from the trial judge's exercise of sound judicial discretion. See N.J. State Bar Ass'n v. Northern N.J. Mortgage Assocs., 22 N.J. 184, 194 (1956); Waste Mgmt., supra, 399 N.J. Super. at 520. This standard "defies precise definition" when we question whether "there are good reasons for an appellate court to defer to the particular decision at issue." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002). This narrow inquiry requires consideration of the trial judge's explanation as well

as the legal grounds upon which the decision was based. Our Supreme Court has observed that an abuse of discretion has occurred when a decision was "'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)); see also US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012).

Here, the judge made observations, after hearing expert testimony, that plaintiffs were not likely to succeed on the merits and, to be sure, those factual observations are entitled to deference at this stage.[3] But the judge's examination of the matter mistakenly ended there. He did not balance the relative hardships; he did not consider the irreparable injury that would follow the injunction's denial; he did not examine whether the denial of interlocutory relief would impair or destroy the

---

[3] We hasten to describe the limitations of our deference. The judge made no findings on the pivotal factual issues, and our expression of deference should not be interpreted as an agreement with the judge's view of the facts or his identification or application of the governing legal principles. We express no view of the merits nor predict what may occur on appeal once the issues are finally adjudicated in the trial court. We are reviewing only the sufficiency of a prediction not a finding of fact. Indeed, the trial judge is similarly unbound even to his own prior prediction. See, e.g., Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834, 68 L. Ed. 2d 175, 180 (1981).

subject matter of the suit; and he did not weigh the detrimental impact on the public if a lucrative contract were to be given to a potentially unqualified party before a challenge to the bidding process could be fully and finally adjudicated. These circumstances weighed heavily in favor of interlocutory injunctive relief here, and the judge's failure to consider these other Crowe factors constitutes an abuse of discretion warranting our intervention notwithstanding the deference owed to the judge's prediction of the likelihood of success.

III

We recognize that the trial judge had effectively managed the case and that it had rapidly advanced to a point where a final disposition may not have been far off when we granted leave to appeal. That is, even if the summary judgment motion still pending does not result in a final disposition, we gather the trial of any remaining disputed issues would occur in the very near future. Accordingly, although such circumstances might ordinarily warrant a remand to the trial judge for reconsideration of his denial of injunctive relief following a review and application of the other Crowe factors, we are satisfied the record fully supports injunctive relief and — to avoid causing any further delay in the case's final adjudication

14

— we will simply direct that the restraints imposed by our prior order remain in place.

The trial court order of December 12, 2012, which denied interlocutory injunctive relief, is reversed. Our order of February 26, 2013, which was designed to preserve the status quo as it existed when suit was commenced, shall remain in place — with the additional condition that Mascaro may continue to perform under the emergency contract — pending the entry of final judgment in the trial court. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION