**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1449-18T3

INTELLIAN CAPITAL
ADVISORS, INC.,

      Plaintiff-Respondent,

v.

DMITRY SUPRUNOV and
GLOBAL CONSULTANTS, LLC,

      Defendants,

and

ANNA SUPRUNOVA,

      Defendant-Appellant.

_____

Submitted October 2, 2019 – Decided October 17, 2019

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000261-18.

Carmel, Milazzo & DiChiara LLP, attorneys for appellant (Michael D. Nacht, of counsel and on the briefs).

Leon Matchin, attorney for respondent.

PER CURIAM

Defendant Anna Suprunova appeals from an October 25, 2018 Chancery Division order that granted plaintiff Intellian Capital Advisors, Inc.'s (Intellian) request for a preliminary injunction reinstating a disputed mortgage lien. The court's order also consolidated the Chancery Division action with a separate pending foreclosure proceeding, and expressly stated that the October 25, 2018 order was "without prejudice to either party's claims or defense[s] in the foreclosure action."

We briefly recount the relevant factual background and procedural history. On June 19, 2010, defendants Anna Suprunova, Dmitry Suprunov, and Global Consultants, LLC, executed a $3 million promissory note to Intellian. As security for repayment, defendants executed a mortgage to Intellian, encumbering Anna Suprunova's and Dmitry Suprunov's marital residence in Upper Saddle River.

In April 26, 2018, plaintiff served defendant with a notice of intention to foreclose on the mortgage. Three months later, on July 26, 2018, Lyudmilia

Tetylukina executed a written resolution, un-notarized, that identified her as Intellian's "sole director," and which appointed defendant Anna Suprunova, one of the three mortgagors, as plaintiff's President, "with full power to act on behalf of [Intellian]," as authorized by the resolution and the company's articles of association.

The resolution also stated that all three defendants were no longer "indebted to . . . [Intellian] and no amounts are owed under the [m]ortgage, and the [m]ortgage shall be terminated and removed of record against the [p]roperty." The resolution also authorized defendant to "execute the [d]ischarge" of the mortgage. On the same day the resolution was executed, defendant filed a discharge of the mortgage and security agreement with the Bergen County Clerk.

On August 29, 2018, plaintiff filed a foreclosure action in which it claimed that defendants Anna Suprunova and Dmitry Suprunov were in the midst of divorce proceedings which "disturb[ed] the day to day operations" of defendant Global Consultants, LLC. The complaint further alleged that due to defendants failure to pay the amounts due under the note, the "whole of the unpaid principal" was due and owing. In accordance with Rule 4:64-1(a)(2), plaintiff's counsel appended to the foreclosure complaint a certification of diligent inquiry

3

attesting that he communicated with Vladimir Pavlov, plaintiff's Managing Member, who confirmed the accuracy of the facts in the complaint.

A month later, on September 28, 2018, plaintiff filed an order to show cause under the foreclosure docket seeking an order restoring the mortgage and striking the discharge because "it was recorded under false pretenses." In support of its order to show cause, plaintiff's counsel submitted a certification, which attached certain of plaintiff's corporate documents. The trial judge directed that the order to show cause be refiled in the Chancery Division, General Equity part, under a separate docket number. In a September 28, 2018 order, the court scheduled the return date for the order to show cause for October 25, 2018.

Plaintiff later amended its foreclosure complaint consistent with its allegations in the General Equity action to add a fraud and material misrepresentation count. In its amended foreclosure pleading, plaintiff alleged that "[defendant] fraudulently misrepresented herself as President of [plaintiff]" and did not have authority to file the mortgage discharge.

On the October 25, 2018 return date of plaintiff's order to show cause, the court heard oral arguments and issued an oral opinion and order that reinstated the mortgage and consolidated the matter with the pending foreclosure action.

In its oral decision, the court considered and weighed the factors for issuing a preliminary injunction under Crowe v. De Gioia, 90 N.J. 126 (1982) and Waste Mgmt. of N.J., Inc. v. Morris Cty. Mun., 433 N.J. Super. 445 (App. Div. 2013), and concluded that interim relief was warranted to maintain the status quo because "[t]o the extent . . . the property is not subject to a mortgage and steps are taken to transfer [or] encumber . . . [the] property, that would in fact be immediate and irreparable harm . . . ."

On appeal, defendant claims that she filed a proper discharge and the court erred in reinstating the mortgage because plaintiff failed to support its application for injunctive relief with competent evidence as required by Rule 1:6-6, and instead relied on inadmissible testimony and inadmissible hearsay evidence submitted by its counsel. Because the October 25, 2018 order is interlocutory, and defendant failed to seek leave to appeal as required by Rule 2:2-4, we dismiss the appeal. Even were we to address the merits of defendant's interlocutory appeal, however, it is clear from our review of the record that the trial court correctly exercised its discretion in maintaining the status quo by restoring the mortgage, consolidating the pending complaints, and reserving all of the parties' claims and defenses.

A-1449-18T3

As to the finality of the October 25, 2018 order, in defendant's notice of appeal and civil case information statement, she represented that all claims against all parties had been disposed of with finality. Defendant further characterized the October 25, 2018 order as a "final disposition" which "was consolidated with a foreclosure action for housekeeping purposes only." As the terms of the October 25, 2018 order make clear, however, that order was not final but represented an interlocutory decision of the court.

Only final judgments may be appealed as of right. R. 2:2-3(a). In general, to be considered a final judgment, an order or judgment must dispose of all claims against all parties. "To have the finality required to create appellate jurisdiction, an order must not only completely dispose of all pleaded claims as to all parties, but all its dispositions must also be final." Grow Co. v. Chokshi, 403 N.J. Super. 443, 460 (App. Div. 2008) (citing Lawler v. Isaac, 249 N.J. Super. 11, 17 (App. Div. 1991)). If devoid of the required finality, an order is interlocutory and appellate review is available only by leave granted under Rules 2:2-4 and 2:5-6(a).

Moreover, interlocutory review is "limited to those exceptional cases warranting appellate intervention, [and] the sole discretion to permit an interlocutory appeal has been lodged with the appellate courts." Chokshi, 403

N.J. Super. at 458 (citing Brundage v. Estate of Carambio, 195 N.J. 575, 599–600 (2008)). "Interlocutory review is 'highly discretionary' and is to be 'exercised only sparingly' . . . because of the strong policy 'that favors an uninterrupted proceeding at the trial level with a single and complete review . . . .'" Id. at 461 (citation omitted) (quoting S.N. Golden Estates, Inc. v. Continental Cas. Co., 317 N.J. Super. 82, 88 (App. Div. 1998)).

The October 25, 2018 order granting plaintiff's request for injunctive relief and reinstating the mortgage was not a final judgment. The court expressly recognized as such when it consolidated the matter with the pending foreclosure action and reserved all parties' claims and defenses. Thus, when the notice of appeal was filed, plaintiff's claims against defendants under the amended foreclosure complaint, and those alleged against defendant in the General Equity action, as well as defendant Anna Suprunova's claim that the debt was discharged, were not settled by way of a final judgment.

With respect to defendant's substantive challenges to the court's October 25, 2018 order, we find defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). As noted, we conclude the trial court properly considered plaintiff's request for injunctive relief under the Crowe factors, as informed by our decision in Waste Mgmt., and

correctly exercised its discretion to reinstate the mortgage, subject to subsequent proceedings where the parties' respective claims and defenses could be fully litigated. In reaching its conclusion, the court prevented the potential sale of the property to a third party until the court could address plaintiff's challenges to the mortgage discharge. We find no error in the court's decision.

Although we agree with defendant that much of the evidence presented by plaintiff by way of its counsel's certification did not constitute competent evidence, see Rule 1:6-6; Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 226 (App. Div. 2011) ("Attorneys in particular should not certify to facts within the primary knowledge of their clients."), the documents submitted by defendant created a sufficient basis to justify restoring and reinstating the mortgage. Indeed, as noted, the un-notarized July 26, 2018 resolution was signed by Lyudmilia Tetylukina, plaintiff's alleged sole director. The order to show cause record does not explain her relationship to the parties, or why plaintiff named defendant as its President, particularly considering she was an obligor under the note secured by her personal residence. Further, neither the resolution, nor defendant's certification, contained any documents evidencing or explaining the amount due on the note, if it was paid by any of the mortgagors, or why plaintiff would discharge a $3 million obligation.

In addition, the resolution and discharge was executed and filed a mere three months after plaintiff served a notice of intention to foreclose. And, despite the alleged authority of defendant to discharge the mortgage, plaintiff nevertheless filed a foreclosure complaint one month later, which was approved by Vladimir Pavlov, plaintiff's purported Managing Member.

We make no determination in our decision as to the propriety of any of the aforementioned transactions. We only conclude that the October 25, 2018 order was not final, and in any event, the court's decision merely to reinstate a disputed mortgage discharge, subject to further proofs, was a correct exercise of its discretion.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1449-18T3