**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2529-19

KATRINA DANSBY,

    Plaintiff-Appellant,

v.

PACIFIC UNION FINANCIAL,
LLC and WESTCOR LAND
TITLE INSURANCE COMPANY

    Defendants-Respondents,

and

MERS and ARMANDO B.
FONTOURA,

    Defendants.

_____

Submitted March 1, 2021 – Decided April 8, 2021

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000021-20.

Katrina Dansby, appellant pro se.

McCalla Raymer Leibert Pierce, attorneys for respondent Nation Star Mortgage, LLC (Francesca A. Arcure, on the brief).

Finestein & Malloy, LLC, attorneys for respondent Westcor Land Title Insurance Company (Russell M. Finestein, of counsel; Corrine LaCroiz Tighe, on the brief).

PER CURIAM

Plaintiff Katrina Dansby appeals the February 12, 2020 order that denied her order to show cause seeking a preliminary injunction in this quiet title action. She requested restraints to prevent eviction from a property that was foreclosed and then repurchased by defendant Pacific Union Financial, LLC (Pacific Union). Other defendants include the Mortgage Electronic Registration System (MERS), Armando B. Fontoura, Sheriff, and Westcor Land Title Insurance Company. The quiet title action was dismissed on July 24, 2020. Plaintiff did not appeal that order. We affirm the order denying preliminary restraints.

On February 5, 2013, plaintiff signed a $151,098 note with Pacific Union Financial (PUF). The same day, plaintiff signed a mortgage with MERS as nominee for PUF on a residential property located in East Orange. The mortgage was recorded in May 2013. Plaintiff defaulted on December 1, 2015. The mortgage was assigned by MERS to defendant and recorded on April 25, 2016.

A-2529-19

Defendant filed a foreclosure complaint against plaintiff on June 8, 2016. It was not contested. A final judgment of foreclosure was entered on October 23, 2017 for $174,779.81 and a writ of execution. The property was sold back to defendant at the sheriff's sale on July 3, 2018. A sheriff's deed was recorded on September 28, 2018 in favor of defendant. Nationstar Mortgage, LLC became the successor of defendant by merger in February 2019.

Plaintiff was to be evicted from the property on March 28, 2019, but that was stayed until April 30, 2019, based on hardship. She remained in the property. Almost a year later, plaintiff filed a motion in the foreclosure action to vacate the sheriff's sale, but the motion was denied on February 11, 2020. On the same day, the trial court denied plaintiff's request to stay the eviction. The order provided that the court previously granted a stay until April 30, 2019. It explained that plaintiff filed for bankruptcy relief, and those filings had given her a year to find other housing.

Plaintiff filed this quiet title action on January 30, 2020. She also filed an order to show cause that requested a preliminary injunction to enjoin defendant from evicting her because she claimed she still had equity in the property. Plaintiff raised issues related to the foreclosure case, claiming the amount of the final judgment was incorrect, an assignment was not recorded, and that the chain

A-2529-19

of title included a forged deed. She claimed defendant did not have standing to foreclose.

On February 12, 2020, the trial court denied plaintiff's order to show cause. The court reasoned plaintiff had the opportunity to litigate the issues in the underlying foreclosure case. It explained the issues plaintiff was raising "go to the core of the foreclosure action and she did not defend that action." The court noted plaintiff had nearly a year to find another place to live.

Plaintiff filed for Chapter Seven bankruptcy protection on the same day, February 12, 2020. The automatic stay has since been vacated, and plaintiff was discharged from bankruptcy.

Plaintiff filed an adversary complaint against defendant on April 22, 2020, claiming that the "mortgage/note" was missing an assignment and without that defendant did not have standing to foreclose. The adversary complaint was dismissed with prejudice on June 25, 2020. The bankruptcy court granted in rem relief to Nationstar, as successor by merger to defendant, because plaintiff "no longer has a legal interest in the [p]roperty . . . ."

Defendant requested dismissal of plaintiff's quiet title action in state court after the bankruptcy court granted it relief from the automatic stay. The trial court dismissed the quiet title complaint with prejudice on July 24, 2020, for

A-2529-19

failure to state a claim upon which relief can be granted. The court noted plaintiff conceded in the complaint that she was the prior owner and that the property was sold at a sheriff's sale on July 3, 2018 and deeded to PUF. The court stated that plaintiff had "multiple opportunities to adjudicate her claims in the foreclosure and bankruptcy forums, and only [brought] this complaint after her [m]otion to [v]acate failed." The claim raised in the quiet title action, "lack of standing, a broken chain of title, various title defects, and mortgage insurance claims," all were raised in the motion to vacate the sheriff's sale and denied.

Plaintiff argues the following points in her appeal:

> 1. THE TRIAL COURT ERRED IN DENYING ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS AFTER EVIDENCE WAS SUBMITTED WITH ORAL ARGUMENT ABOUT THE FORGED DEED.
>
> 2. EVEN IF PLAINTIFF/APPELLANT WAS FORECLOSED, HAVE THE RIGHT TO BRING QUITE (sic) TITLE [ACTION] UNDER [RULE] 4:6[] 2. . . .

Plaintiff appeals the February 12, 2020 order that denied her request for a preliminary injunction. It was filed under the quiet title action when that case still was pending. It was not a final order resolving all issues as to all parties. Silviera-Francisco v. Bd. of Educ., 224 N.J. 126, 136 (2016). The order was interlocutory when plaintiff filed her appeal, meaning she should have requested

leave to appeal but did not. See R. 2:2-4. The appeal could have been dismissed on that basis.

Plaintiff did not appeal the July 24, 2020 order that dismissed her underlying quiet title action with prejudice. She now is out of time to appeal that order. See R. 2:4-1(a) (providing that appeal is to be filed in forty-five days).

It is well established that "[a] party may not attack the judgment under review without having appealed." Burbridge v. Paschal, 239 N.J. Super. 139, 151 (App. Div. 1990). When the time to appeal is expired, "the parties to a judgment have a vested right therein which cannot subsequently be taken from them." In re Pfizer, 6 N.J. 233, 239 (1951). Because there is no challenge to the dismissal of plaintiff's quiet title action, there is no longer a case before the court. The appeal could be dismissed on this basis as well.

Even if we concluded that this is one of a narrow category of cases that should be heard, the record supports the trial court's order denying relief. We review for abuse of discretion a trial court's order denying a preliminary injunction. Waste Mgmt. of N.J., Inc. v. Morris Cnty. Mun. Utils. Auth., 433 N.J. Super. 445, 454-55 (App. Div. 2013). A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from

established policies, or rested on an impermissible basis.'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Plaintiff filed an order to show cause to stay the eviction. To address this motion, the trial court was required to consider: (1) whether the stay was "necessary to prevent irreparable harm;" (2) whether the "legal right underlying [the] claim is unsettled;" (3) whether plaintiff made a "preliminary showing of a reasonable probability of ultimate success on the merits;" and (4) "the relative hardship to the parties in granting or denying relief." Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982). Plaintiff had the burden to establish these factors by clear and convincing evidence because she was requesting the injunction. Brown v. City of Paterson, 424 N.J. Super. 176, 183 (App. Div. 2012). However, "'a court may take a less rigid view' of the Crowe factors . . . 'when the interlocutory injunction is merely designed to preserve the status quo.'" Waste Mgmt., 433 N.J. Super. at 453 (quoting Waste Mgmt. of N.J., Inc. v. Union Cnty. Utils. Auth., 399 N.J. Super. 508, 520 (App. Div. 2008)).

Applying these principles, we are satisfied the trial court did not abuse its discretion in denying injunctive relief. The eviction was stayed years ago to permit plaintiff to find another residence. There is no irreparable harm because

7

she has had an ample opportunity to find other housing in the two-and one-half years since the sheriff's sale of the property. She also does not mention her housing situation in her application for injunctive relief.

Plaintiff had no settled legal right to the property. The foreclosure judgment was entered on October 23, 2017. A sheriff's deed vested title with defendant on September 28, 2018. It is well settled that the sheriff's deed is "prima facie evidence of the truth of its recitals, and of a good and valid sale and conveyance of the land described in it." See Ayers v. Casey, 72 N.J.L. 223, 224 (E. & A. 1905).

Plaintiff did not show a reasonable probability of success on the merits. She did not challenge the dismissal of her quiet title action. There was no appeal of the underlying final judgment of foreclosure. She did not show she has a vested interest in the property in question. She did not demonstrate she would be successful on the merits of this quiet title action. See Suser v. Wachovia Mortg., FSB, 433 N.J. Super. 317, 325 (App. Div. 2013) (providing that a quiet title action permits a person to clarify "the validity or reach of his title in circumstances that otherwise preclude a forum for the resolution of such a dispute."). There is a sheriff's deed recorded in favor of defendant as of September 28, 2018. Plaintiff had a full opportunity to litigate the validity of

her claims to the property, all of which have not been successful. At a certain point, defendant is entitled to repose.

The balance of the equities did not favor plaintiff. She has not paid the mortgage since December 2015. Defendant has paid the property taxes and insurance.

Plaintiff alleges that an entity named Rutledge Holdings, LLC recorded a deed on September 12, 2018 for the consideration of $100 and then on September 28, 2018, the sheriff's deed was recorded also for $100, but it did not "show who was actually on the deed prior to its recording." Plaintiff claims that Rutledge Holdings "forged" a deed and this should have voided the sheriff's deed. Ibid. She asserts a forged deed is a nullity, citing Justice Stein's concurring opinion in Sonderman v. Remington Constr. Co., 127 N.J. 96, 115 (1992).

Plaintiff presented nothing to substantiate this claim. Her appendix included a document — which was not a deed — that defendant Westcor Land Title Insurance Company explained in its brief "is a document recorded to put the world on notice of a potential transaction," and expires in sixty days. See N.J.S.A. 46:26A-11(d). The title producer could execute and record this. See N.J.S.A. 46:26A-11(a). Plaintiff had the opportunity to raise these standing-

type issues in the foreclosure and did not do so. More importantly, she has not shown anything that legitimizes her claim to the property. The record supports that there is a valid foreclosure judgment and sheriff's deed. Her quiet title action was dismissed and not appealed.

Plaintiff's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2529-19