**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0221-22

JP MORGAN CHASE BANK,
NATIONAL ASSOCIATION,

     Plaintiff-Respondent,

v.

CHARLES BERNHAMMER,
INSTYLE ACCESSORY GROUP,
LLC, LISA COSTELLO, STEVEN
MITNICK, assignee for the benefit
of creditors of G & Y Realty LLC,
STATE OF NEW JERSEY, and FIA
CARD SERVICES NA,

     Defendants,

and

JORGE OTERO,

     Defendant-Appellant.

_____

     Submitted August 13, 2024 – Decided August 19, 2024

     Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. F-026716-17.

Jorge Otero, appellant pro se.

McCalla Raymer Leibert Pierce LLC, attorneys for respondent (Djibril A. Carr, on the brief).

PER CURIAM

Defendant Jorge Otero appeals from a March 30, 2022 order denying his motion to stay a sheriff's sale scheduled for March 31, 2022. He also appeals from an August 5, 2022 order dismissing his motion objecting to the sheriff's sale. We affirm both orders on appeal.

We previously reviewed defendant's appeal from the trial court's orders related to the entry of a final judgment of foreclosure in favor of plaintiff JP Morgan Chase Bank, N.A. involving real property located at 714 3rd Street in Secaucus (property). JP Morgan Chase Bank, Nat'l Ass'n v. Bernhammer, No. A-0218-21 (App. Div. Jan. 5, 2023) (Otero I).[1] We incorporate the facts

_____

[1] Although defendant holds a deed to and resides at the property, he is neither the borrower nor mortgagor under the note and mortgage held by plaintiff. The deceased prior property owner, Charles Bernhammer, received a $150,000 line of credit from plaintiff. Otero I, slip op. at 3. Plaintiff's line of credit was secured by a mortgage against the property. Id. at 4.

regarding the property's foreclosure from our unpublished decision in Otero I. Id. at 2-4.

Plaintiff obtained a final judgment of foreclosure against the property on January 28, 2020. Id. at 4. More than one year after plaintiff obtained the foreclosure judgment, defendant moved to vacate that judgment. Ibid. The motion judge denied defendant's motion, explaining defendant failed to establish a right to relief under Rule 4:50-1. Id. at 4-5. Defendant appealed the denial of his motion to vacate the foreclosure judgment. Id. at 6.

In Otero I, issued in January 2023, we affirmed the denial of defendant's motion to vacate the foreclosure judgment as well as the denial of defendant's motions for reconsideration. Id. at 2. Defendant then filed a petition for certification with the New Jersey Supreme Court.[2]

On March 14, 2022, while his appeal in Otero I remained pending, defendant filed an emergent motion in the trial court to stay the sale of the property scheduled by the Hudson County sheriff for March 31, 2022. Plaintiff opposed the motion.

---

[2] As of the scheduled date for this appeal, the petition is still pending.

A-0221-22

The motion judge denied defendant's stay motion because defendant failed to satisfy the requirements for injunctive relief under Crowe v. DeGioia.[3] The judge found defendant failed to cure the borrower's default under the terms of the line of credit. The judge explained the arguments raised by defendant in support of the stay motion were "already . . . considered and rejected . . . a number of times." In denying stay relief, the judge found plaintiff had "not received any repayments as to this home equity line of credit . . . and they are entitled to be made whole."

The sheriff's sale proceeded on March 31, 2022. A third-party, Roselle Properties and Equities, LLC (Roselle), purchased the property on that date.[4] On April 8, 2022, after Roselle bought the property, defendant filed a motion objecting to the March 31 sale. Plaintiff opposed the motion. In an August 5, 2022 order, a different motion judge explained the objection motion "was never

---

[3] 90 N.J. 126, 132-34 (1982).

[4] On April 25, 2022, defendant filed an emergent motion before this court to stay the sheriff's sale. In an April 26, 2022 order, we denied defendant's emergent motion because the property was sold at the March 31, 2022 sheriff's sale. In our order, we stated "[d]efendant remains free to file a motion seeking a stay of any adverse order." We are unaware of any subsequent motions for stay relief filed in the Appellate Division.

considered" because defendant filed an appeal challenging the denial of his motion to vacate the final judgment of foreclosure.

On appeal in this matter, defendant argues "[t]he trial court wrongfully dismissed incontrovertible evidence and denied defendant's rights of due process to stay of [the] sheriff's sale." He also contends "[t]he trial court denied defendant[']s rights of due process to object [to] the sheriff's sale." We reject these arguments.[5]

We limit our review to the March 30 and August 5, 2022 orders identified in defendant's notice of appeal and civil case information statement. We note that defendant's appendix improperly included documents not part of the record before the trial court at the time the motion judges issued the March 30 and August 5, 2022 orders. See R. 2:5-4(a) (limiting appellate review to competent evidentiary materials presented to the motion judge). See also Cherry Hill Dodge, Inc. v. Chrysler Credit Corp., 194 N.J. Super. 282, 283 (App. Div. 1984) (stating inclusion of documents in an appellate appendix that were not in evidence was improper).

---

[5] Defendant's merits brief repeats arguments raised and rejected by the trial court and this court in Otero I.

A-0221-22

However, included among the improper documents in defendant's appendix was Roselle's motion before the trial court to set aside the sheriff's sale. Roselle filed that motion because Hudson County declined to deliver a deed to the property based on the then-pending appeal in Otero I. We presume Roselle's motion has yet to be addressed by the trial court based on defendant's appeal in this matter.

We first consider defendant's arguments related to the motion judge's denial of his motion to stay the sheriff's sale. We review an order denying a request to stay a sheriff's sale for abuse of discretion. Waste Mgmt. of N.J., Inc. v. Morris Cnty. Mun. Utils. Auth., 433 N.J. Super. 445, 451 (App. Div. 2013).

An applicant seeking stay relief must demonstrate the following: denial of the stay would result in irreparable harm; likelihood of prevailing on the merits based on settled law; and a balancing of the equities favors stay relief. See Garden State Equal. v. Dow, 216 N.J. 314, 320 (2013); see also Crowe, 90 N.J. at 132-34. "[T]hese factors must be 'clearly and convincingly' demonstrated." Waste Mgmt. of N.J., Inc., 433 N.J. at 452 (quoting McKenzie v. Corzine, 396 N.J. Super. 405, 414 (App. Div. 2007)).

On this record, defendant presented no competent evidence, let alone the required clear and convincing evidence, in support of his requested stay relief.

Specifically, defendant cannot demonstrate his likely success on the merits to obtain stay relief based on our decision in Otero I, affirming plaintiff's final judgment of foreclosure. Thus, we are satisfied the judge did not abuse his discretion in denying defendant's stay motion.

We next address defendant's arguments related to the denial of his motion objecting to the sheriff's sale. That motion, filed after the denial of defendant's motion to stay the sheriff's sale but before delivery of the deed to Roselle, complied with the requirements under Rule 4:65-5.

However, the objection motion was filed while defendant's appeal in Otero I remained pending. Rule 2:9-1(a) provides that the filing of a notice of appeal generally deprives the trial court of jurisdiction to act. See Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 376 (1995) ("The ordinary effect of the filing of a notice of appeal is to deprive the trial court of jurisdiction to act further in the matter unless directed to do so by an appellate court, or jurisdiction is otherwise reserved by statute or court rule.") (citations omitted).

Here, because the merits of defendant's appeal in Otero I remained pending when defendant filed his motion objecting to the sheriff's sale, the trial court lacked jurisdiction to address the motion. Under these circumstances, we

7

are satisfied the without prejudice order denying defendant's motion objecting to the sheriff's sale was proper.

Because we issued our opinion in <u>Otero I</u>, resolving defendant's challenge to plaintiff's final judgment in foreclosure, defendant may renew his motion before the trial court objecting to the sheriff's sale. We take no position regarding future motions related to the sheriff's sale.

To the extent we have not addressed defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0221-22