**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2974-22

FINANCE OF AMERICA
REVERSE, LLC,

     Plaintiff-Respondent,

v.

KENNETH BROWN, Administrator
of the Estate of NAOMI BROWN
and known heir at law of
NAOMI BROWN,

     Defendant-Appellant,

and

MR. BROWN, husband of NAOMI
BROWN, DAVID BROWN known
heir at law of NAOMI BROWN,
BAYBERRY CONDOMINIUM
ASSOCIATION, INC., COUNTY
OF HUDSON, STATE OF NEW
JERSEY, and UNITED STATES
OF AMERICA,

     Defendants.

_____

Submitted August 13, 2024 – Decided September 4, 2024

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-000866-15.

Kenneth Brown, appellant pro se.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for respondent (Christian Miller, on the brief).

PER CURIAM

Defendant Kenneth Brown appeals from the Chancery Division's May 12, 2023 order denying his motion to vacate the final foreclosure judgment entered on November 14, 2022 in favor of plaintiff Finance of America Reverse LLC (FAR). We affirm.

On May 21, 2013, Naomi Brown executed a note in the amount of $280,000 to Urban Financial Group, Inc. (UFG). To secure payment of the obligation, she executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for UFG. Fifteen months later, she defaulted on her obligation under the loan agreement.

A-2974-22

After the default, MERS assigned the mortgage to Urban Financial of America, LLC (UFA),[1] which served Naomi Brown with a notice of intention to foreclose (NOI) by regular and certified mail. UFA then filed a complaint in mortgage foreclosure. After the complaint had been filed, UFA changed its name to Finance of America Reverse LLC, by way of a certificate of amendment filed with the Delaware Secretary of State.

After several years of motion practice not pertinent to the issues here, including plaintiff's and defendant's substitution into the case, the matter was deemed uncontested. Plaintiff obtained an uncontested order of final judgment and writ of execution on November 14, 2022. On February 10, 2023, a notice of sheriff's sale was served on all parties, advising them the sale was scheduled for May 9, 2023.[2]

Prior to the sheriff's sale, defendant filed a motion to set aside the sheriff's sale based on his contention FAR was not the holder of the note. Plaintiff

---

[1] The original mortgage and subsequent assignment were recorded with the Essex County Register's Office.

[2] Although there was no evidence of an adjournment in the record before the motion judge, she noted both parties' submissions stated the sale was scheduled for May 16, 2023.

A-2974-22

opposed the motion, providing documentation of the mortgage, assignment and certificate of amendment.

Because the sheriff's sale had not yet occurred, the judge treated the motion as a request to stay the sale. In denying the motion, she found defendant failed to demonstrate an inequitable result would have occurred by allowing the sale to proceed. She also noted defendant had not availed himself of the statutory adjournments afforded under N.J.S.A. 2A:17-36.

The judge further opined arguments were extremely belated, given that the complaint had been pending for eight years. Despite the procedural infirmities, she nevertheless considered his substantive request to vacate the final judgment pursuant to Rule 4:50-1, in which he contended FAR lacked standing and failed to serve Naomi Brown with the NOI.

As to the standing issue, the judge found the motion unavailing under Rule 4:50-1(f) because the proofs demonstrated plaintiff held the underlying debt. The original mortgage held by MERS was assigned to UFA, which filed the complaint in January 2015. When UFA changed its name, it was granted leave to file an amended complaint substituting FAR as plaintiff in this matter. Thus, the judge determined plaintiff, in its former iteration as UFA, was holder of the note when it filed the foreclosure complaint.

A-2974-22

Similarly, defendant's challenge to the validity of service of the NOI also relied on his argument that UFA, which served the NOI, was a different entity than FAR. Having found these entities were the same, the motion judge rejected this contention.

On appeal, defendant reprises the same arguments he advanced before the motion judge, and maintains the judge erred in denying his motion.

We first consider defendant's arguments regarding the motion judge's denial of his motion to stay the sheriff's sale. We review an order denying a request to stay a sheriff's sale for abuse of discretion. Waste Mgmt. of N.J., Inc. v. Morris Cnty. Mun. Utils. Auth., 433 N.J. Super. 445, 451 (App. Div. 2013).

An applicant seeking a stay must demonstrate the following: denial of the stay would result in irreparable harm; likelihood of prevailing on the merits based on settled law; and balancing of the equities favors stay relief. See Garden State Equal. v. Dow, 216 N.J. 314, 320 (2013); see also Crowe v. DeGioia, 90 N.J. 126, 132-34 (1982). "[T]hese factors must be clearly and convincingly demonstrated." Waste Mgmt. of N.J., Inc., 433 N.J. at 452 (citing McKenzie v. Corzine, 396 N.J. Super. 405, 414 (App. Div. 2007)).

On this record, defendant presented no competent evidence, let alone the required clear and convincing evidence, in support of his request for a stay. He

failed to meet any of the prongs because his motion rested on an incorrect premise that plaintiff was not the holder of the mortgage. Given the proofs before the motion judge, we are satisfied she did not abuse her discretion in denying defendant's request to stay the sheriff's sale.

We next address defendant's contention the judge erred in denying his request to vacate the judgment. A trial court's decision under Rule 4:50-1 should also be given "substantial deference," and will not be reversed unless shown to be "a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (citing DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009)). Further, relief under subsection (f) of the rule is available "only when 'truly exceptional circumstances are present.'" Id. at 484 (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994)). "The rule is limited to 'situations in which, were it not applied, a grave injustice would occur.'" Ibid. (quoting Little, 135 N.J. at 289).

Here, the motion judge found plaintiff held the mortgage, plaintiff served defendant with the NOI, and plaintiff's name change did not render service ineffective. Because the judge's decision was grounded in the record and defendant failed to show exceptional circumstances justifying relief from the final judgment, we discern no abuse of discretion in her denial of the motion.

6

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2974-22