MELANCTHON S. AYERS, DEFENDANT IN ERROR, v. JEREMIAH CASEY ET UX., PLAINTIFFS IN ERROR.

Submitted March 31, 1905—Decided June 19, 1905.

1. A sheriff's deed, delivered in pursuance of a sale under a decree of foreclosure, and executed, sworn to and approved in accordance with section 13 of the "General act concerning sale of land" (*Gen. Stat., p.* 2979), is *prima facie* evidence of the truth of its recitals.
2. When the Chancellor vacates a stay of execution upon a decree in foreclosure, it is not necessary for him to designate a day for the sale of the mortgaged property.
3. A sheriff, who has begun to execute a writ for the sale of mortgaged property, is authorized to complete the execution of it, notwithstanding the expiration of his term of office pending his proceedings.
4. A mortgagor, who has acquired a tax title to the mortgaged property before the filing of the bill to foreclose in which he is made a defendant as owner, is precluded from setting up that title against the purchaser under the foreclosure decree.

---

On error to the Bergen Circuit Court.

For the plaintiffs in error, *O. Bancroft Gould.*

For the defendant in error, *Collins & Corbin.*

The opinion of the court was delivered by

DIXON, J. The judgment now under review was rendered in favor of the plaintiff in an action of ejectment brought in the Bergen County Circuit Court. The errors assigned by the

defendants, so far as they are noticed in the brief submitted, relate to the proceedings at the trial.

The plaintiff claimed title under a sheriff's sale made on foreclosure of a mortgage dated December 6th, 1887, given by the defendants to William B. Cutting, and the defendants now deny the regularity and validity of that sale on three grounds—*first,* that it was not properly advertised; *second,* that in the order directing the sale no date for the sale was stated; *third,* that the sheriff's term of office had expired when he made the sale.

It was shown at the trial that the sheriff had duly reported the sale to the Chancellor, and that he had confirmed it as valid; that the sheriff's deed delivered in pursuance of the sale was executed, sworn to and approved in accordance with section 13 of the "General act concerning sale of land" (*Gen. Stat., p.* 2979), and that the deed recites due advertisement of the sale. By the express terms of the statute, such a deed is *prima facie* evidence of the truth of its recitals and of a good and valid sale and conveyance of the land described in it. No testimony was produced or offered tending to gainsay what was thus sufficiently proved. Hence proper advertisement was established.

The order referred to in the second ground of complaint was one annulling a stay of execution which the Chancellor had granted on the petition of the defendants pending the advertisement of sale. In such an order there was no reason for stating a time for the sale. That time was to be determined by the sheriff under the authority given by the writ of execution, and in accordance with the advertisement and adjournments of the sale.

The objection that the sheriff's term had expired when he held the sale is of no force. It has always been the practice for the sheriff, who begins the execution of a writ, to complete it (*State* v. *Sureties of Hardenburgh, Penn.* *355), and it is not claimed that such practice, if legal, would not sanction the present proceeding in this respect. Our statute (*Gen. Stat., p.* 3118, § 35), which was originally passed in 1796

(*Elm. Dig., p.* 510), requires every sheriff, at the expiration of his office, to turn over all unexecuted writs to the succeeding sheriff; but it was long ago determined that this provision applied only to writs in virtue of which nothing had been done by the sheriff to whom they were delivered. *State* v. *Roberts, 7 Halst.* 114; *State* v. *Hamilton,* 1 *Harr.* 153.

The next contention of the defendants is that as one of them had bought in the mortgaged property at a tax sale, held in December, 1900, the sale in the foreclosure proceedings could not convey a valid title against them. Respecting this, it is enough to say that when the defendants were made parties, as mortgagors and owners, in the foreclosure bill, which was filed in July, 1901, six months after the tax sale, it was incumbent on them to set up in that suit any title which they might claim to defeat the foreclosure, and against all such titles the decree is now a complete bar.

These are the only matters specifically urged in the brief of the defendants' counsel, and they comprise all the objections having the slightest legal bearing on the conduct of the trial.

The Circuit Court was clearly justified in directing a verdict for the plaintiff, and the judgment thereon should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 13.

*For reversal*—None.