**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3593-19

U.S. BANK, NATIONAL
ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE
TRUST,

     Plaintiff-Respondent,

v.

CARLOS G. CALDANE, JR.,
a/k/a CARLOS G. CARDONA
SOLORZA,

     Defendant-Appellant.

_____

> Submitted March 22, 2021 – Decided April 22, 2021
>
> Before Judges Suter and Smith.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-020993-16.
>
> Carlos G. Caldane, Jr., appellant pro se.
>
> Romano Garubo & Argentieri, LLC, attorneys for respondent (Emmanuel J. Argentieri, on the brief).

PER CURIAM

Defendant Carlos G. Caldane, Jr. appeals the May 11, 2020 order, denying his motion to set aside the sheriff's sale of a foreclosed property and confirming the sale. For reasons that follow, we affirm.

In March 2008, defendant signed a $456,000 note to Countrywide Bank, FSB (Countrywide) to purchase a property in Newark. Defendant executed a purchase money mortgage on the same day to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide, to secure the note. The mortgage was recorded. Defendant defaulted on the mortgage loan on January 1, 2009.

In 2014, the mortgage was assigned to Christiana Trust as Trustee of ARLP Trust -3 (Christiana Trust) and recorded. Christiana Trust filed a foreclosure complaint against defendant in July 2016. Defendant did not file an answer. Christiana Trust requested entry of a default against all parties named in the complaint.

In 2017, Christiana Trust assigned the mortgage to plaintiff U.S. Bank, N.A., as Legal Title Trustee for Truman 2016 SC6 Title Trust (plaintiff). The assignment was recorded on July 25, 2017. In October 2017, plaintiff was granted permission to substitute as plaintiff in the foreclosure action. Defendant

2

requested reconsideration of the substitution order — twice — without success and then requested dismissal of the complaint, which also was denied.

On August 20, 2019, a final judgment of foreclosure was entered for $941,972.46, in favor of plaintiff. A writ of execution was issued the same day, authorizing the sheriff to sell the mortgaged property.

The sheriff's sale was scheduled for December 17, 2019. Notice of the sale was provided to defendant by letters and by advertisement. Defendant filed a motion to stay the sale, but it was denied on December 4, 2019. The trial court found the factors in Crowe v. DeGioia weighed against injunctive relief. 90 N.J. 126, 134 (1982).

The property was sold at a sheriff's sale on December 17, 2019, for $299,000 to a third-party purchaser, 88 Palm St. Properties, LLC. A sheriff's deed was issued to this purchaser on December 30, 2019.

Defendant filed a motion on December 27, 2019, to vacate the sheriff's sale to the third-party buyer. In his supporting certification, defendant alleged he had reason to believe the property was not sold to 88 Palm St. Properties for $299,000. Defendant made an Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, request on December 19, 2019, requesting information about the sale and deposit. He claimed that no one responded.

A-3593-19

Plaintiff filed opposition to the motion to vacate, arguing the sale was properly noticed and sold to a third-party bidder. Defendant alleged the third-party purchaser did not make a twenty percent deposit. The trial court denied defendant's motion to vacate on May 11, 2020, finding defendant "failed to show fraud, accident, surprise or mistake, or irregularities in the sale."

On June 5, 2020, the Essex County Sheriff issued an "Execution Sale Statement to Trenton," stating the property was sold on December 17, 2019, to 88 Palm St. Properties, LLC, for $299,000. The deficit remaining was $698,713.66. The sheriff's deed to the third-party purchaser was recorded on June 18, 2020.

Defendant appeals the May 11, 2020 order. On appeal, he argues there were irregularities with the sale, claiming it was not based on competitive bidding, and was not valid or verified by the sheriff. Defendant questions whether the third-party purchased his entire interest in the property. He claims the sheriff did not offer any certified evidence the property was sold.

A Chancery court has the "inherent power to set aside a sale . . . when there is an independent ground for equitable relief, 'such as fraud, accident, surprise, irregularity in the sale, and the like.'" Orange Land Co. v. Bender, 96 N.J. Super. 158, 164 (App. Div. 1967) (quoting Penn Fed. Sav. and Loan Ass'n

v. Joyce, 75 N.J. Super. 275, 278 (App. Div. 1962)). "[T]his power is discretionary and must be based on considerations of equity and justice." First Tr. Nat'l Assoc. v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999). "[I]nadequacy of price is not sufficient alone to justify equitable relief." Id. at 50.

Rule 4:65-5 establishes time frames for posing objections. A trial court can dispose of an objection on a summary basis. It also can confirm the sale as valid and direct conveyance of the sheriff's deed where it "is satisfied that the real estate was sold at its highest and best price at the time of the sale . . . ." Ibid. The sheriff is to "file with the court a report of any sale made, verified by affidavit, stating the name of the purchaser and the price and terms of sale." R. 4:65-6(a). A sheriff's deed is "prima facie evidence of the truth of its recitals and of a good and valid sale and conveyance of the land described in it." See Ayers v. Casey, 72 N.J.L. 223, 224 (E. & A. 1905) (emphasis removed).

The record on appeal does not support any claim there was fraud, accident, surprise, lack of notice or improper service in the sheriff's sale of the subject property. Defendant argues the sale was irregular because he contends there is no proof the property was sold to the third-party purchaser. The record undercuts this argument, however, because the Essex County Sheriff issued a

report that the property was sold to a third-party, the name of that entity, the date of the sale, and the dollar amount of the sale. This report is consistent with the requirements of Rule 4:65-6(a). The sheriff's deed issued in June 2019 is prima facie proof the sale occurred. See Ayers, 72 N.J.L. at 224. Defendant did not present any evidence to contest that the sale occurred as the Sheriff represented. It was incumbent upon defendant to show otherwise, and he did not. Here, the trial court properly exercised its discretion by denying defendant's motion to vacate the sheriff's sale.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3593-19